## Northern Coal and Coke Co. v. Vermillion.

(Decided November 2, 1910.)

## Appeal from Letcher Circuit Court.

1. Possession for 15 years will not give title where the boundary claimed to is not marked or well defined.
2. An entry by the junior patentee without the lap gives no possession of land within the older grant.

SMITH & COMBS,. L. N. H. SALYER, S. E. BAKER, J. W. M. STEWART for appellant.

WOOTEN & MORGAN and GREENE, VAN WINKLE & SCHOOLFIELD for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Northern Coal and Coke Company brought this suit against W. S. Vermillion to recover the value of certain logs cut by him from a tract of land described in the petition which it alleged it owned. He filed an answer denying that the plaintiff was the owner of the boundary of land set out in the petition, and pleaded that he was the owner of a certain boundary of land, and that the logs were cut from it. The case was heard before a jury who found for Vermillion, and the coal company appeals.

On April 17, 1872, D. J. Vermillion under whom W. S. Vermillion claims, obtained a patent from the Commonwealth for 200 acres of land in Letcher county, lying on the waters of Laurel Branch. It is conceded in the record that the logs were cut within the boundaries of this patent, and that they were the property of Vermillion unless the coal company has an older and better claim. On September 21, 1854, a patent was issued to William B. Holbrook for 100 acres of land lying on Laurel Branch. The coal company claims under William B. Holbrook, and if this patent covers the ground from which the timber was cut, it has the better title, as it is older than the Vermillion patent. According to the plaintiff's proof a part of the timber was cut within the boundary of the patent; but there was sharp conflict in the evidence as to how the patent should be located. If the beginning corner is where it is located by the defendant and the patent is then run out according to its calls, it would include none of the timber. This issue was clearly

submitted to the jury, and their verdict is evidently a finding in favor of the location of the patent as claimed by the defendant. While there is some uncertainty as to the location of this patent we cannot say that the verdict of the jury is palpably against the evidence, or that there was any substantial error in the trial on this matter.

The main contention of the plaintiff is that it and those under whom it claimed had acquired the land by adverse possession. R. E. Holbrook under whom the plaintiff claims was a son of W. B. Holbrook, and settled about the year 1864 near the mouth of Laurel Branch, claiming under his father all the land on that branch. He remained there about 39 years, and the plaintiff introduced testimony showing a continuous holding down to the present. But while R. E. Holbrook claimed all the land up to the top of the ridge, and running around with the ridge on both sides of the branch, it is not shown that he had any marked boundary, or a well defined boundary of any kind. His father had no title, when he settled there, to anything but a hundred acre survey. On May 1, 1873, the father obtained a patent for another survey of 100 acres, and the house in which the son lived was on this survey. But it was without the Vermillion patent, which was older than the survey made in 1873, and his settlement without the lap, gave him no possession of land within the lap of the older patent. There is no proof in the record that he at any time held possession for 15 years of any land outside of his 100 acre survey made in 1873. In fact there is no proof in the record that he at any time cleared or enclosed any land within the older patent. He had no marked or well defined boundary and no open or notorious possession that could ripen into a title of any land within the senior patent. We, therefore, conclude that the proof showed no title in the plaintiff to any land within the Vermillion survey, and that its petition was properly dismissed.

Judgment affirmed.